UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

UNITED STATES OF AMERICA,

      Plaintiff,                     Case No. 14-20303

v.                                   Hon. John Corbett O'Meara

DEVIN EDWARD SMITH,

      Defendant,
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

Before the court is Defendant's January 20, 2015 motion for a new trial, which has been fully briefed. This motion was decided without oral argument. For the reasons discussed below, Defendant's motion will be denied.

## BACKGROUND FACTS

On November 25, 2014, following a jury trial, defendant Devin E. Smith was found guilty of two counts of sex trafficking by force, fraud, or coercion (Counts I and II), and one count of sex trafficking of children (Count IV) in violation of 18 U.S.C. § 1591. On January 20, 2015, Defendant filed a motion requesting a new trial on the bases that (1) the government failed to disclose Brady evidence, (2) the court failed to honor Defendant's Fifth, Sixth, and Fourteenth Amendment rights to testify, and (3) the cumulative effect of the court's evidentiary rulings denied Defendant his Sixth Amendment right to confront witnesses. The government responded and Defendant replied.

1

## LAW AND ANALYSIS

To obtain a new trial based on newly discovered evidence, a defendant must show: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence at the time of trial was not due to the defendant's lack of diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial would probably produce an acquittal if the case were retried.  United States v. Barlow, 693 F.2d 954 (6th Cir. 1982).

Newly discovered evidence is "evidence not known by the defendant at the time of trial." United States v. Seago, 930 F.2d 482, 488 (6th Cir. 1991).  During trial, Defendant argued that he did not sex traffic minor victim one ("MV1"), who was the subject of Count IV and that Steven Barber, an uninterested party in this action, was responsible.  He contended that the forensic evidence, which was unknown to him at the time, could aid in his defense.  Nine days after the jury's verdict, after Defendant's inquiry on the final day of trial, and after some research on the government's behalf, the government provided Defendant with a forensic report of Steven Barber's mobile phone.  Therefore, the evidence at issue in this case was discovered after trial.

A new trial is not warranted where "newly discovered evidence" could have been discovered earlier by the defendant.  United States v. Turner, 995 F.2d 1357 (6th Cir. 1993).  Regardless of whether the forensic report was intentionally or mistakenly withheld, it was proffered upon request and could have been provided earlier if it had been requested earlier.  When Defendant questioned the government during trial about one particular piece of evidence out of a large amount of electronic discovery, it is reasonable for one to be unable to recall this information, thus warranting further research.  Defendant claims the government possessed the evidence since July 31, 2013.  If true, it shows that Defendant also had a reasonable amount of time before trial to request and receive the disputed evidence.  If Defendant believed the government was

suppressing evidence that the government had in its possession since July 2013, Defendant could have shown its diligence to procure the evidence through various legal remedies. For these reasons, Defendant's failure to learn of the forensic report was due in part to Defendant's lack of diligence.

Evidence is material under Brady if a reasonable probability exists that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 676 (1985). In Brady v. Maryland, 373 U.S. 83 (1963), Brady's motion for a new trial was granted because the newly found evidence was material. There, another person confessed to the crime Brady was convicted of, thus showing a reasonable probability that, had the evidence been disclosed, the result of his trial would have been different. Unlike the confession in Brady, the content of Steven Barber's phone was not material to Defendant' case. If the messages, web history, and call log that showed Barber's involvement in the trafficking of MV1 were disclosed to the jury, a reasonable probability that the result of the proceeding would have been different is not existent. The newly discovered evidence is redundant and merely corroborates the minor victim's testimony that both Defendant and Barber were actively involved in her prostitution. Therefore, the newly discovered forensic cell phone report is not material and is merely cumulative.

A defendant suffers prejudice when there is a reasonable probability that the withheld evidence would have changed the outcome of the proceeding. Jells v. Mitchell, 538 F.3d 478, 507 (6th Cir. 2008). A reasonable probability requires only "a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. 667, 681-82. In Jells, Jells suffered prejudice because the newly discovered evidence showed that his alleged kidnapping victim was not kidnapped or held against her will. In the present case, Defendant did not suffer prejudice

because the newly discovered evidence did not counter other evidence presented that showed his involvement in the sex trafficking of MV1.  It is possible, as Defendant contends, that another user, likely the minor victim, used Defendant's computer to post advertisements of the minor victim.  However, it is equally likely that through means of threats, abuse, and coercion, characteristics of Defendant learned through testimony, Defendant could have forced another user to post advertisements of the minor victim.  Additionally, immediately before Defendant was arrested for this offense, law enforcement witnessed Defendant on his computer, "monitoring minor victim's advertisements on Backpage.com." (Trial Tr., 11/13/2014 at 60-61).

Had the information on Mr. Barber's phone been presented at trial, the outcome would likely be the same.  The newly discovered evidence of Barber's involvement would probably not produce an acquittal because it does not show that Defendant suffered prejudice by not having access to the evidence and does not undermine confidence in the outcome.  Therefore, Defendant has failed to sufficiently prove each element required for a court to grant a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

A criminal defendant's right to testify in his own defense is "fundamental to a personal defense." Rock v. Arkansas, 483 U.S. 44, 49-53 (1987).  "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so." Id. at 53.  This right is waived when there is record evidence demonstrating "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458 (1938).  District courts do not have an affirmative duty to obtain an on-the-record waiver of the right.  See United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991).

4

Although Defendant was indecisive regarding his decision to testify on multiple occasions, he never relayed to the court his decision to testify at any point throughout trial. "Any waiver of a defendant's right to testify must be both knowing and voluntary." Webber, at 550-51. The court recognized Defendant's right to testify on the record. After consulting with his lawyers, Defendant voluntarily indicated, on three separate occasions, that he did not wish to take the stand in his own defense. This is unlike Webber, where it was found that Webber's constitutional right to testify was denied because Webber indicated that he would like to testify and the court did not allow him to. The court advised Defendant of his right to testify and obtained an on-the-record waiver of his right. Defendant was given ample time to consult with his counsel and weigh his decision not to testify. In addition, he was given multiple opportunities to express a change in his decision. Accordingly, a new trial is not warranted because the court did not deny Defendant his constitutional right to testify or preclude him from taking the stand in his defense.

Defendant contended that the court's refusal to sustain multiple hearsay objections on the defense's behalf denied Defendant the right to confront witnesses. The Confrontation Clause of the Constitution protects a defendant's right to cross-examine adverse witnesses by providing for the "*opportunity* [to] cross examin[e]." Delaware v. Fensterer, 474 U.S. 15, 20 (1985), (emphasis in original*)*. Defendant refers to a hearsay objection that was made on his behalf when the government questioned the minor victim about a conversation she had with an FBI agent who was not in court. This line of questioning was performed in an effort to impeach the minor victim to show her knowledge of a prior inconsistent statement. This technique is permitted by Rule 613 of the Federal Rules of Evidence.

5

Even if the statement were considered to be hearsay, the court's ruling did not violate the Confrontation Clause. If the declarant is available at trial for cross-examination concerning prior out-of-court statements, the declarant's failure to remember the details of the prior statements while on the stand will not violate the Confrontation Clause. See United States v. Owens, 484 U.S. 554, 558-60 (1988). In reference to the hearsay statement, MV1 is the "declarant" of the out-of-court statement, and she had difficulty remembering certain details of her prior statements while on the stand. Additionally, although the Sixth Amendment prohibits the admission of hearsay evidence against a criminal defendant when the defendant lacks the opportunity to cross-examine the out-of-court declarant, the admission of out-of-court statements does not violate the Confrontation Clause if the declarant testifies at trial and is subject to cross-examination, as was the case here. See Crawford v. Washington, 541 U.S. 36, 38 (2004). Defendant's constitutional rights were safeguarded because Defendant's counsel took multiple opportunities to question the minor victim on both direct and cross-examination.

The Federal Rules of Evidence permit flexibility in regards to the questioning of witnesses. Specifically, Rule 611 permits the court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed R. Evid. 611. Here, MV1 testified about a difficult topic, and the court allowed the government some flexibility in its line of questioning. The flexibility afforded to the government did not infringe on Defendant's Sixth Amendment rights, nor did it deny Defendant the opportunity to confront witnesses against him at trial. Therefore, the court did not fail to follow the Federal Rules of Evidence when it overruled

Defendant's hearsay objection and mentioned that there are times when strict adherence to the Federal Rules of Evidence is not appropriate.

In Defendant's reply brief in support of his motion for a new trial, Defendant argued that the evidence at issue, a forensic report, is not newly discovered evidence "because it was not discovered after trial." Reply Brief of Defendant at 1, United States v. Smith, No. 14-20303 (6th Cir. Apr. 2, 2015). If the report is not "newly discovered evidence," however, Defendant's motion is untimely. Rule 33(b)(2) of the Federal Rules of Criminal Procedure states, "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within fourteen days after the verdict or finding of guilty." Defendant was found guilty on November 25, 2014 and filed his motion for a new trial fifty-six days later on January 20, 2015, surpassing the fourteen day filing deadline. Therefore, the court evaluated Defendant's motion for a new trial on the grounds of newly discovered evidence because (1), the evidence at issue was newly discovered, and (2), if Defendant's rationale for a new trial were applied, a denial of the motion as untimely would be required. Fed. R. Crim. P. 33(b)(1).

## ORDER

**IT IS HEREBY ORDERED** that Defendant's motion for a new trial is **DENIED**.

Date: July 14, 2015              s/John Corbett O'Meara
                                 United States District Judge

I hereby certify that a on July 14, 2015 copy of this opinion and order was served upon counsel of record using the court's ECF system.

                                 s/William Barkholz
                                 Case Manager

7