# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 14-20303

v.                                  HON. JOHN CORBETT O'MEARA

DEVIN EDWARD SMITH,

        Defendant.

_____/

## ORDER FINDING OF EXCLUDABLE DELAY AS TO DEADLOCKED COUNT

This matter having come before the Court on the motion of the government requesting an adjournment of the date for any retrial of the remaining count (Count Three), and a finding of excludable delay between the date of the jury's verdict and the retrial date; it is hereby determined that such a continuance is necessary due to other proceedings regarding the defendant, and to effect the ends of justice pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A). Specifically, the Court finds that because of post-trial proceedings, including post-trial motions, sentencing proceeding, and a likely appeal from the counts of conviction by Defendant; and because of the need to conserve the parties' and the Court's resources with regarding to the other proceedings before preparing for a retrial of the remaining count; and because any retrial of the deadlocked counts should be held in

conjunction with any other counts of conviction that the Sixth Circuit might determine may need to be retried;

**IT IS HEREBY ORDERED** that, pursuant to 18 U.S.C. §§3161(h)(1) and (7)(A), the ends of justice are best served by granting a continuance of any retrial date for the undecided count in this case, and that these ends outweigh the best interest of the public and Defendant in a speedy trial and that any delay occasioned by this adjournment shall be excludable under the Speedy Trial Act.

Thus, **IT IS HEREBY ORDERED** that the retrial date in this case for the undecided count and any remanded counts shall be set after an opinion and mdnate issued by the Sixth Circuit with respect to any counts of conviction, and that the time between Defendant's request for a continuance to file his post-trial motions on December 9, 2014 and the issuance of the Sixth Circuit opinion and mandate is hereby excludable from the computation of the Defendant's speedy trial rights.

**IT IS SO ORDERED.**

Date: April 26, 2016                                s/John Corbett O'Meara
                                                    United States District Judge

## BACKGROUND

On November 25, 2014, the jury rendered a guilty verdict against Defendant on Counts One, Two, and Four. The jury was unable to reach a decision on Count Three: sex trafficking of victim A.S.

The Court should adjourn any potential retrial of the remaining count, and find excludable delay under the Speedy Trial Act, until Defendant's appeal from his conviction and sentence has been resolved.

## ARGUMENT

Under the Speedy Trial Act, if a "defendant is to be tried again following a declaration of the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). The court has the right to extend the period for retrial from 70 to 180 days, if there are other factors which would make retrial within that time period impracticable. *Id*. In addition, the periods of delay articulated in 18 U.S.C. § 3161(h) are excluded from that time period for a retrial. *Id*. Two types of excludable delay are present here.

First, the Defendant's post-trial motion, sentencing proceeding, and appeal are all excludable under 18 U.S.C. § 3161(h)(1) as "period[s] of delay resulting from other proceedings concerning the defendant[s]." Although none of those items are expressly listed in Section 3161(h)(1), "[t]he listed proceedings are only

examples of delay resulting from other proceedings concerning the defendant and are not intended to be exclusive." *United States v. Montgomery*, 395 F. App'x 177, 182 (6th Cir. 2010)(quoting *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987))(internal quotations omitted); see also *United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1996)(finding that time spent litigating post-trial motions and resolving sentencing disputes was excludable under Section 3161(h)).

Following the verdict in this case, Defendant requested, and was granted, a extension of time in which to file a post-trial motion to set aside the verdict. Defendant also requested and obtained new counsel.

Second, those same proceedings merit an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7), encompassing the time period until the resolution of Defendant's appeal from his conviction and sentence. Under 18 U.S.C. § 3161(h)(7), any period of delay resulting from a continuance granted by the judge is excludable "if the judge grant[s] such continuance on the basis of his [or her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In this case, if the Sixth Circuit affirms Defendant's conviction and sentence, the government will almost certainly decline to retry Defendant on the remaining counts. Adjourning any further proceedings until after the Sixth Circuit's decision is the most logical and efficient approach because it would conserve the parties' and the Court's resources

and streamline any future proceedings. An ends-of-justice continuance is therefore appropriate. *See United States v. Dusenbery*, 246 F. Supp. 2d 802, 804-07 (N.D. Ohio 2002)(taking the same approach).

The Court should therefore adjourn any potential retrial of the remaining count against Defendant and find that any period of time between Defendant's request for a continuance of his deadline for filing post-trial motions and the Sixth Circuit's decision and mandate with the respect to the counts of conviction constitutes excludable delay.

Respectfully submitted,

BARBARA McQUADE
United States Attorney

s/Sara D. Woodward
SARA D. WOODWARD
Deputy Chief, General Crimes Unit
Assistant United States Attorney
211 West Fort, Suite 2001
Detroit, Michigan 48226
April 25, 2016          (313) 226-9180