UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                             Case No. 14-cr-20203
                                              Hon. Mark A. Goldsmith
vs.

DEVIN EDWARD SMITH,

      Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION (Dkt. 114) AND ADVISING PRO SE PETITIONER OF ATTORNEY-CLIENT PRIVILEGE WAIVER

Defendant Devin Smith filed a motion to vacate his sentence under 28 U.S.C §2255 (Dkt. 110). Smith alleges that he received ineffective assistance from his trial counsel, Attorneys James Gerometta and Andrew Wise. In response, the Government filed a motion asking the Court to find a waiver of the attorney-client privilege, direct Smith's trial counsel to provide information and testimony related to the ineffective assistance claims, and extend the time to respond to the petition (Dkt. 114).

The attorney-client privilege protects certain communications between an attorney and client from disclosure without the client's permission. In re Lott, 424 F.3d 446, 452 (6th Cir. 2005). The privilege applies to "all stages of all actions, cases, and proceedings" including habeas proceedings. Id. (quoting Fed. R. Evid. 1101(c)). But "the attorney-client privilege cannot be used as a sword and a shield at the same time." United States v. Lossia, No. 04-80422, 2008 WL 192274, at *1 (E.D. Mich. Jan. 23, 2008) (Pepe, M.J.). "The privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." Lott, 424 F.3d at 452. For instance, a habeas petitioner who "injects into [the]

1

litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct" waives the attorney-client privilege by implication. Id. (quoting Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001)). Then, the Court will construe the implied waiver narrowly, only "to the extent necessary to litigate a petitioners' ineffective assistance of counsel claims." Id.

Here, Smith alleges ineffective assistance from his trial counsel. Specifically, Smith alleges that he received ineffective assistance of counsel because counsel prevented him from exercising his right to testify on his own behalf, failed to inform him of the plea deal offered by the Government, failed to adequately investigate Smith's defense, failed to hold a competency hearing, failed to "follow Smith's version of the indictment," and failed to request a forensic report of a phone. The Government cannot adequately investigate and respond to Smith's motion without obtaining information from Smith's trial counsel regarding their communications with Smith.

If Smith chooses to preserve the attorney-client privilege between himself and Attorneys Gerometta and Wise, he may withdraw the ineffective-assistance-of-counsel claims. If Smith chooses not to withdraw the ineffective-assistance-of-counsel claims, the Court will recognize that Smith has waived the attorney-client privilege and work-product privilege to the extent necessary to litigate his claims. Moreover, the Court will order Attorneys Gerometta and Wise to provide testimony and all documents and communications with Smith relating to the issues raised in his motion.

It is hereby ordered that the Government's motion (Dkt. 114) is granted. Unless Smith withdraws the ineffective-assistance-of-counsel claims within 30 days of this order, the Court will consider Smith to have waived the attorney-client privilege to the extent necessary to litigate his claims.

SO ORDERED.

Dated: July 16, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge